IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VICTOR WHITE, JR.                                                                                        PLAINTIFF

v.                                          Cause No. 4:11-cv-04058

CITY OF STAMPS, ARKANSAS                                                             DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion to Freeze a Bank Account at Bodcaw Bank in a C.D. of $840,000.00.  ECF No. 33.  Plaintiff filed this Motion on August 17, 2012.  *Id.*  Defendant responded to this Motion on September 28, 2012.  ECF No. 34.  This Motion was referred to the undersigned for consideration and is now ripe for consideration.

With this Motion, Plaintiff seeks to freeze an account at Bodcaw Bank until after the trial in this matter.  ECF No. 33.  In making this Motion, it appears Plaintiff is requesting a preliminary injunction.  To be entitled to such injunctive relief, Plaintiff must demonstrate the threat of irreparable harm.  *See Gelco Corp. v Coniston Partners,* 811 F.2d 414, 418 (8th Cir. 1987) (holding that "[t]he threshold inquiry is whether the movant has shown the threat of irreparable injury. . . . failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction.").  In this case, Plaintiff has made no demonstration he will suffer irreparable harm if this bank account is not frozen.  ECF No. 33.

Several other factors should also be considered in deciding whether to grant a preliminary injunction.  *See Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir. 1981).  One of these factors is the likelihood of success on the merits.  *See id.*  In this case, in his Motion, Plaintiff has made no showing that he is likely to succeed on the merits in this case.  ECF No. 33.

Accordingly, based upon these findings, this Court recommends Plaintiff's Motion (ECF No. 33) be **DENIED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**SIGNED this 3rd day of October 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE