IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


VICTOR WHITE, JR.                                                                                   PLAINTIFF

v.                                        Case No. 4:11-cv-04058

CITY OF STAMPS, ARKANSAS ET AL.                                                        DEFENDANTS

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before this Court is Defendants' Motion for Summary Judgment. ECF No. 38. This Motion has been collectively filed by all the Defendants in this action. *Id.* Plaintiff has responded to this Motion and requests that it be denied. ECF No. 42. Defendant has not filed a reply, and the time to reply has passed. *See* Local Rule 7.2(b).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

**1.      Background**

On June 23, 2011, Plaintiff filed his *pro se* Complaint in this matter. ECF No. 1. Plaintiff brings this suit against Defendants in both their individual and official capacities. ECF No. 1. In his Complaint, Plaintiff generally alleges that Defendants discriminate against the individuals in Wards 1, 2, 3, and 4 of Stamps, Arkansas due to their race. *Id.* In his Complaint, Plaintiff does not allege any specific acts of discrimination. *Id.* Accordingly, on August 31, 2011, this Court held a hearing on Plaintiff's Complaint to determine whether service was appropriate. ECF No. 7. During that hearing, this Court determined additional factual allegations were required.

On October 31, 2011, at the direction of this Court, Plaintiff filed an Amended Complaint in this matter. ECF No. 9. In this Amended Complaint, Plaintiff alleges specific acts of race discrimination against Defendants: (1) lack of "speed signs"; (2) no parks; (3) lack of ditch maintenance; (4) lack of street maintenance; (5) water contamination; (6) lack of enforcement of laws regarding "dogs, horses, cows, and other animals"; (7) lack of city limits signs; (8) slow police response time; and (9) traffic delays due to train interference. *Id.* Plaintiff alleges all of these specific acts of racial discrimination occur in the "minority wards." *Id.* Presumably, Plaintiff is referencing Wards 1, 2, 3, and 4 as he stated in his Complaint. After he filed his Amended Complaint, this Court directed service on Defendants. ECF No. 12. Defendants answered on January 27, 2012.[1] ECF No. 25.

On January 23, 2013, Defendants collectively filed their Motion for Summary Judgment. ECF No. 38. With their Motion, Defendants have also provided two exhibits: (A) deposition excerpts from Plaintiff's deposition and (B) Defendants' letter of supplemental discovery. ECF Nos. 40-1, 40-2. On February 8, 2013, Plaintiff filed his response to Defendants' Motion for Summary Judgment. ECF No. 42. With this response, Plaintiff did not produce any evidence to refute Defendants' claims. *Id.* Instead, Plaintiff requests an opportunity to present his claims in Court. *Id.*

**2. Applicable Law**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a federal court is authorized to

---

[1] The U.S. Marshal's Office was unable to serve John Griffin. ECF No. 23. Plaintiff stated he was a Stamps City Council Member when he is in actuality the Stamps City Attorney. *Id.* Plaintiff has not attempted to rectify this error or request proper service on John Griffin. Indeed, Plaintiff repeatedly states that this lawsuit is against the City of Stamps, its mayor, and city council members. ECF No. 1. There is no indication Plaintiff intended to sue the Stamps City Attorney. Accordingly, John Griffin is not a party to this action.

grant summary judgment in a case. Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on an issue where the nonmovant bears the burden of proof at trial. *Id.* at 324. A mere scintilla of evidence in support of the non-movant's position is insufficient. *Anderson,* 477 U.S. at 252. To survive a motion for summary judgment, "a nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *Parks v. City of Horseshoe Bend, Arkansas,* 480 F.3d 837, 839 (8th Cir. 2007) (citation omitted).

Further, once the initial burden is met, even when the nonmoving party does not bear the burden of proof at trial, that party still has an obligation to respond with more than mere denials. FED. R. CIV. P. 56(e)(2). As stated in this rule, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." *Id.*

**3.    Discussion**

As noted above, in his Complaint, Plaintiff alleges race discrimination in the way

Defendants provide municipal services to the different wards of the City of Stamps, Arkansas. ECF No. 9. Even though Plaintiff does not specifically reference the Equal Protection Clause, based upon his Complaint, it appears Plaintiff's case is brought pursuant to 42 U.S.C. § 1983, and Plaintiff is raising a claim under the Equal Protection Clause of the U.S. Constitution. ECF No. 9. Thus, the Court will construe his claims as such. *See Bracken v. Dormire,* 247 F.3d 699, 702-03 (8th Cir. 2001) (recognizing the Eighth Circuit's "longstanding practice" of construing *pro se* pleadings liberally).

"In general, the Equal Protection Clause requires that state actors treat similarly situated people alike." *McDonald v. City of Saint Paul,* 679 F.3d 698, 705 (8th Cir. 2012). Thus, in order to demonstrate that Defendants violated his rights under the Equal Protection Clause in providing municipal services, Plaintiff must first demonstrate that Defendants treated him differently than other similarly situated residents with respect to such services. *See McDonald,* 679 F.3d at 705. Here, Plaintiff claims that he and the other people within his ward–as well as the people within three other wards of the City of Stamps, Arkansas–have been discriminated against because they are the "minority" wards. ECF No. 9; ECF No. 40-1, 10:14.

Plaintiff, however, has not provided any evidence demonstrating that Wards 1, 2, 3, and 4 of the City of Stamps, Arkansas should even be characterized as "minority" wards. ECF No. 9. Further, Plaintiff has offered no affirmative evidence that these wards are treated differently from "similarly situated" wards in the City of Stamps, Arkansas. *See McDonald,* 679 F.3d at 705. Indeed, during his deposition, it appears Plaintiff brought twenty-five (25) pictures to his deposition allegedly depicting different "problem areas" within Wards 1, 2, 3, and 4 of the City of Stamps, Arkansas that have not be remedied by Defendants. ECF No. 40-1, 13:1-22:23. These pictures have

not been submitted to the Court. However, even if they had been submitted, such pictures still do not demonstrate that Wards 1, 2, 3, and 4 have been treated any differently from the allegedly "non-minority" wards of the City of Stamps, Arkansas.

Further, even if Plaintiff could demonstrate that "similarly situated" wards were treated differently, Plaintiff still must allege and prove the existence of an unlawful intent to discriminate for an invalid reason. *See Batra v. Bd. of Regents of Univ. of Neb.*, 79 F.3d 717, 722 (8th Cir. 1996). Plaintiff has provided absolutely no evidence demonstrating that this allegedly unequal distribution of municipal services was at all administered with "an unlawful intent to discriminate for an invalid reason." Plaintiff's case should be dismissed on this basis as well. Accordingly, the undersigned recommends Defendants' Motion for Summary Judgment (ECF No. 38) be **GRANTED** as to all the claims against Defendants.[2]

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 27th day of February 2013.**

                                                             /s/   Barry A. Bryant
                                                             HON. BARRY A. BRYANT
                                                             U.S. MAGISTRATE JUDGE

---

[2] This includes both the individual and official capacity claims. *See Los Angeles v. Heller,* 475 U.S. 796, 798 (1986) (holding that where there is no underlying constitutional violation, a city is not liable for a plaintiff's claims).