IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VICTOR WHITE JR.                                                                                      PLAINTIFF

VS.                                         CASE NO. 4:11-cv-4058

CITY OF STAMPS, ARKANSAS, *et al*                                                      DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed February 27, 2013 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 43). Judge Bryant has examined Defendant's Motion for Summary Judgment (ECF No. 38) and Plaintiff's Response (ECF No. 42) and recommends that the motion be granted. Plaintiff has filed an objection to Judge Bryant's report. (ECF No. 44). After conducting a *de novo* review of the record, the Court adopts Judge Bryant's Report and Recommendation as its own.

Plaintiff alleges that Defendants discriminated against him and other residents of the City of Stamps by providing substandard municipal services to the minority wards within the city. Judge Bryant construed Plaintiff's complaint as alleging violations of the Equal Protection Clause by city officials. Judge Bryant recommends granting summary judgment in Defendant's favor for two reasons: (1) Plaintiff failed to present actual evidence that the "minority wards" in the City of Stamps were treated any differently from other similarly situated wards; and (2) Plaintiff failed to allege and prove the existence of an unlawful intent to discriminate. A plaintiff is required to show both of these elements to make out an equal protection violation and to

survive summary judgment. *McDonald v. City of Saint Paul*, 679 F.3d 698, 705 (8th Cir. 2012); *see also Batra v. Bd. Of regents of Univ. of Neb.*, 79 f.3d 717, 722 (8th Cir. 1996).

Unfortunately, Plaintiff has failed to make such a showing in either his response to Defendant's Motion for Summary Judgment (ECF No. 42) or his objection to Judge Bryant's report. (ECF No. 44). Plaintiff's objection essentially rehashes much of the same arguments presented in his response to Defendant's motion. While the Court is sympathetic to Plaintiff's status as a *pro se* litigant, Rule 56 of the Federal Rules of Civil Procedure still applies. "When a motion for summary judgment is properly made and supported"—as Defendants have done here—"an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must, by affidavits or as otherwise provided in this rule, set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Plaintiff has not made that showing. He cannot overcome summary judgment when he has failed to present evidence of the essential elements of his claim. Accordingly, the Court adopts Judge Bryant's Report and Recommendation in its entirety.[1] Defendant's Motion for Summary Judgment (ECF No. 38) should be and hereby is **GRANTED**.

**IT IS SO ORDERED**, this 27th day of March, 2012.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] The Court notes, pursuant to Judge Bryant's report, that John Griffin is not a party to this action because he was never served with process. The U.S. Marshall's Office was unable to serve John Griffin (ECF No. 23), and Plaintiff failed to rectify this error or request proper service.